REICHARDT v. PLAUT et al.

(Supreme Court, Appellate Term.   March 26, 1906.)

1. PLEADING—BILL OF PARTICULARS.

In an action for alleged wrongful discharge of a servant, defendants *held* not bound to file a bill of particulars stating wherein plaintiff had been inattentive and negligent; such matters being particularly alleged in their answer.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 963–971.]

2. SAME—PRIOR BILL.

Where defendants had served one bill of particulars, they should only be required in a further bill to set out matter not sufficiently alleged in the bill furnished.

3. SAME—QUALIFICATION.

Where, in an action for a servant's wrongful discharge, defendants claimed that, because of plaintiff's negligence and improper attention to his duties, goods manufactured for customers were returned, an order requiring defendants to furnish a bill of particulars, stating in detail the names and addresses of such patrons to whom merchandise was shipped which had not been properly manufactured or examined by plaintiff, should be so qualified as only to require such statement in case there were any of defendants' patrons within such class.

4. SAME—DEFENDANTS' LOSS—AMOUNT.

In an action for a servant's wrongful discharge, the amount of defendants' loss because of plaintiff's alleged negligence, on account of which he was discharged, being immaterial, it was error for the court to require defendants to set out the same in a bill of particulars.

**5. SAME—PERSONS EMPLOYED.**

Where, in an action for a servant's wrongful discharge, defendants claimed that plaintiff improperly and improvidently employed persons who were unsuited for the work required, defendants were not required to file a bill of particulars giving the addresses of persons alleged to have been improvidently employed.

**6. SAME—OTHER EMPLOYMENT.**

Where, in an action for a servant's alleged wrongful discharge, the answer merely alleged that plaintiff was not diligent in searching for other employment, and did not allege any employment or salary that plaintiff might have secured, it was error for the court to require defendants to furnish a bill of particulars stating in detail the names and addresses of persons from whom plaintiff could have secured employment, the nature thereof, and the salary plaintiff could have earned.

**7. SAME—FAILURE TO FURNISH BILL—PENALTY.**

Under Code Civ. Proc. § 531, providing that, in case of failure to furnish a bill of particulars, the party may be precluded from giving evidence of the part or parts of the "affirmative allegations" of which particulars have not been delivered, it was error for the court, in an order requiring defendants to furnish a bill of particulars, to direct that in case of defendants' default they should be precluded from giving evidence of their "defenses."

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 995.]

Appeal from City Court of New York, Special Term.

Action by Joseph Reichardt against Isaac S. Plaut and another.

From an order of the City Court of New York, requiring defendants to furnish a further bill of particulars, they appeal.　Modified.

The complaint was for alleged wrongful discharge of plaintiff from defendants' employ. The answer alleged that on or about the 3d day of October, 1904, defendants were engaged in manufacturing ladies' cloaks and suits in the city of New York, and selling and shipping the same to divers patrons and customers; that they hired plaintiff to supervise the manufacturing of the merchandise, and that by virtue of his employment he agreed to attend to the hiring of the help required for the purpose of such manufacturing and to supervise the work, and to carefully examine all goods manufactured and, when finished, before being shipped to patrons; that plaintiff failed to perform such duty and was negligent therein; that goods were shipped out by him in an improper condition, many of which shipments were returned; that plaintiff also failed to exercise proper and reasonable care in hiring proper help, but instead hired the same to suit his preferences, without regard to protection of defendants' interests, and that for such reasons he was discharged; that plaintiff, after discharge, failed to use due and proper diligence or make due effort to obtain other suitable employment. On plaintiff's motion, the court required defendants to file a bill of particulars setting forth in detail the following matters: "(1) Stating in detail in what respects the defendants claim the plaintiff was inattentive, careless, and negligent in the rendering of his work, as alleged in paragraph 4 of the defendants' amended answer herein. (2) Stating in detail in what respects the defendants claim the plaintiff failed to properly supervise the manufacture of merchandise in the defendants' business, referred to in paragraph 4 of the defendants' amended answer herein. (3) Describing the merchandise, the manufacture of which the defendants claim was improperly supervised by the plaintiff, as alleged in paragraph 4 of the defendants' amended answer herein. (4) Stating in detail in what respects the defendants claim the plaintiff did not properly examine the merchandise when finished, as alleged in said paragraph 4 of the defendants' amended answer herein. (5) Describing the merchandise the defendants claim the plaintiff improperly examined when finished, as alleged in paragraph 4 of the defendants' amended answer herein. (6) Describing in detail the merchandise the defendants claim the plaintiff permitted to be shipped to the patrons of the defendants, which the defendants claim had not

been properly manufactured nor properly examined by the plaintiff, and was not in a state warranting shipment and which the defendants claim have not been manufactured in accordance with their orders given the plaintiff, as alleged in paragraph 4 of the defendants' amended answer herein. (7) Stating in detail the names and addresses of such patrons of the defendants to whom the defendants claim the plaintiff permitted merchandise to be shipped to them which had not been properly manufactured nor properly examined by the plaintiff and was not in a state warranting shipment and had not been manufactured in accordance with the defendants' orders, as alleged in paragraph 4 of the defendants' amended answer herein, other than the names and addresses of those specified in the said bill of particulars served herein. (8) Describing in detail such merchandise which the defendants claim had not been properly manufactured nor properly examined by the plaintiff and was not in a state warranting shipment and had not been manufactured in accordance with the defendants' orders, as alleged in paragraph 4 of the defendants' amended answer herein. (9) Stating what orders the defendants claim were given to the plaintiff with regard to the manufacture of such merchandise which the defendants claim the plaintiff did not manufacture in accordance with such orders, as alleged in paragraph 4 of the defendants' amended answer herein. (10) Describing in detail in what respects the same had not been manufactured in accordance with the orders alleged to have been given to the plaintiff and in what respects the defendants claim the merchandise was not in a state warranting shipment, as alleged in paragraph 4 of the defendants' amended answer herein. (11) Stating in detail which of said shipments were returned to the defendants, and which of said shipments were not in a state warranting shipment, and in what respects they were not in such state, together with a statement of the loss defendants claim they have suffered thereby, as alleged in paragraph 4 of the defendants' amended answer herein. (12) Stating in detail in what respects the plaintiff failed to exercise proper and reasonable care in the hiring of help, and failed to hire the same in accordance with his best judgment, etc., as alleged in paragraph 4 of the defendants' amended answer herein. (13) Stating in detail the names and addresses of such help, in the hiring of which the defendants claim the plaintiff failed to exercise reasonable care and his best judgment, and who it is claimed were hired by the plaintiff to suit his own preference and not solely with due regard to the defendants' interest, as alleged in paragraph 4 of the defendants' amended answer herein. (14) Stating in detail the names and addresses of persons from whom the defendants claim the plaintiff could have secured such employment, and the nature of such employment, and the salary thereat which the defendants claim the plaintiff could have secured, as alleged in paragraph 8 of the defendants' amended answer herein. And it is further ordered that as to the other particulars sought for by said motion, numbered in said notice of motion as Nos. 14 and 15, the motion is denied. And it is further ordered that, in default of the service of such bill of particulars setting forth the foregoing matters, the defendants be precluded from giving evidence of such alleged defenses on the trial of this action."

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Alfred & Charles Steckler, for appellants.

Herman I. Lurie, for respondent.

SCOTT, P. J. The order for the bill of particulars went much too far. It is unnecessary to require defendants to state wherein the defendants claim that plaintiff was careless and inattentive, and failed to properly supervise the manufacture of goods, and failed to properly examine the merchandise when finished, because all those matters are already stated with sufficient particularity in the fourth paragraph of the answer. The first, second, and fourth items required by the order

should therefore be stricken out. The sixth item should be limited to merchandise other than that specified in the bill of particulars already served. The seventh item should be qualified by inserting the words "if any" after the words "stating in details the names and addresses of such patrons of the defendants," in order that the defendants may not be precluded from proving the items contained in their voluntary bill of particulars. The eighth item should be limited to merchandise not shipped to patrons, since that which was shipped is covered by the voluntary bill of particulars. It is not necessary to repeat the statement of the shipments which were returned by patrons, as these are covered by the voluntary bill, and their requirement should be stricken out of the eleventh item, and that item limited to merchandise returned, if any, not included in the bill of particulars already served. The amount of defendants' loss is immaterial, and the requirement respecting it should be stricken out of the eleventh item. The defendants should not be required to furnish the addresses of persons alleged to have been improperly or improvidently employed, and item 13 should be amended in this regard. Item 14 should be stricken out altogether. The answer does not allege any employment or salary that plaintiff might have secured. It only says that he was not diligent in searching for employment. There is no authority for precluding the defendants, in case of default in serving the bill of particulars, from giving evidence of their "defenses." The Code provision is that they may be precluded from giving evidence of the part or parts of the affirmative allegations of which particulars have not been delivered. Section 531, Code Civ. Proc.

The order appealed from should be modified in the respects herein pointed out, and, as modified, affirmed, without costs to either party. All concur.